IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION – CLEVELAND

| | |
|---|---|
| PEGGY MORAN HURYN, )<br>)<br>Plaintiff, )<br>) Civil Action No. 1:12-cv-2087<br>v. )<br>) **Jury Trial Demanded**<br>NISSAN MOTOR ACCEPTANCE CORP., )<br>)<br>Defendant. )<br>_____ ) | |

## NATURE OF ACTION

1. This is an action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. §1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendant transacts business in this State and this district.

## PARTIES

4. Plaintiff, Peggy Moran Huryn ("Plaintiff"), is a natural person who at all

relevant times resided in the State of Ohio, County of Lorain, and Village of Sheffield.

5. Defendant, Nissan Motor Acceptance Corp. ("Defendant") is a foreign corporation doing business in the State of Ohio.

## FACTUAL ALLEGATIONS

6. Prior to March 12, 2012, in an attempt to collect an alleged debt in default, Defendant began placing calls to Plaintiff's cellular telephone.

7. Plaintiff sent Defendant written correspondence dated March 12, 2012, and in such correspondence, demanded that Defendant cease and desist all further telephonic communication with Plaintiff. (Plaintiff's Cease and Desist, attached hereto as Exhibit "A").

8. Upon information and good faith belief, Defendant received Plaintiff's written correspondence on or about March 17, 2012.

9. In connection with the collection of an alleged debt in default, and despite receiving Plaintiff's demand for Defendant to cease and desist from placing any calls to Plaintiff's cellular telephone, Defendant placed non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an artificial or pre-recorded voice, including, but not limited to, calls placed on the following dates and times:

- May 9, 2012 at 8:18 P.M.;
- May 10, 2012 at 8:16 P.M.;
- May 11, 2012 at 7:39 P.M.;
- May 17, 2012 at 8:27 P.M.;

- May 19, 2012 at 3:32 P.M.;
- May 21, 2012 at 8:23 P.M.;
- May 30, 2012 at 8:28 P.M.; and
- June 3, 2012 at 7:11 P.M.

10. In connection with the collection of an alleged debt in default, despite receiving Plaintiff's demand for Defendant to cease and desist from placing any calls to Plaintiff's cellular telephone, Defendant placed non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic dialing system and/or an artificial or pre-recorded voice, including, but not limited to, calls placed on the following dates and times:

- March, 25, 2012 at 8:37 P.M.;
- March, 26, 2012 at 3:49 P.M.;
- March, 26, 2012 at 3:48 P.M.;
- May 3, 2012 at 4:52 P.M.;
- May 3, 2012 at 8:25 P.M.;
- May 4, 2012 at 4:37 P.M.;
- May 4, 2012 at 8:30 P.M.;
- May 5, 2012 at 10:51 A.M.;
- May 6, 2012 at 1:00 P.M.;
- May 6, 2012 at 2:49 P.M.;
- May 8, 2012 at 6:04 P.M.;
- May 8, 2012 at 8:34 P.M.;
- May 9, 2012 at 4:40 P.M.;
- May 10, 2012 at 4:45 P.M.;
- May 15, 2012 at 7:05 P.M.;
- May 17, 2012 at 4:40 P.M.;
- May 18, 2012 at 3:59 P.M.;
- May 19, 2012 at 10:38 A.M.;
- May 19, 2012 at 1:22 P.M.;
- May 20, 2012 at 7:33 P.M.;
- May 21, 2012 at 1:54 P.M.;
- May 30, 2012 at 4:53 P.M.;

- May 31, 2012 at 4:21 P.M.;
- June 1, 2012 at 4:36 P.M.;
- June 1, 2012 at 7:55 P.M.;
- June 2, 2012 at 4:22 P.M.;
- June 3, 2012 at 1:00 P.M.;
- June 3, 2012 at 2:43 P.M.;
- June 3, 2012 at 5:49 P.M.;
- June 4, 2012 at 4:34 P.M.;
- June 4, 2012 at 7:29 P.M.;
- June 4, 2012 at 8:34 P.M.; and
- June 5, 2012 at 1:14 P.M.

11. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

12. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

13. Each and every telephone call Defendant placed to Plaintiff was in connection with the collection of a debt.

14. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

15. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

16. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

17. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

18. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

19. Upon information and good-faith belief, Defendant had knowledge that it was leaving voicemail messages using an artificial or pre-recorded voice in some of the telephone calls identified above.

20. Upon information and good-faith belief, Defendant intended to leave voicemail messages using an artificial or pre-recorded voice in some of the telephone calls identified above.

21. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

22. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 47 U.S.C. 227(b)(1)(A)(iii)

23. Plaintiff repeats and re-alleges each and every allegation contained above.

24. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using

an automatic telephone dialing system and/or an artificial or pre-recorded voice.

25. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by willingly and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

26. Plaintiff is entitled to and hereby demands a trial by jury.

This 13th day of August, 2012.

        WEISBERG & MEYERS, LLC

        /s/ Ronald S. Weiss
        Ronald S. Weiss
        Ohio Bar No. 0076096
        7035 Orchard Lake Road, Suite 600
        West Bloomfield, MI 48322
        RWeiss@AttorneysForConsumers.com
        (888) 595-9111 ext. 230
        (866) 565-1327 Fax
        *Lead Counsel for Plaintiff*

        **Correspondence address**

        Weisberg & Meyers, LLC
        5025 N. Central Ave., #602
        Phoenix, AZ 85012